# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HART SPILLER,**

           **Plaintiff,**

**-vs-**                                                Case No. 6:09-cv-1064-Orl-31DAB

**VOLUSIA COUNTY SCHOOLS,**

           **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss the Complaint (Doc. 15) filed by the Defendant, the School Board of Volusia County (the "School Board"), and the response (Doc. 18) filed by the Plaintiff, Hart Spiller ("Spiller"), who is appearing *pro se*.

The School Board first argues that the Complaint (Doc. 1) fails to comply with the pleading requirements of Fed.R.Civ.P. 8(a) and 10(b). Spiller originally filed this suit in the Northern District of Florida, and he used an "Employment Discrimination Complaint Form" provided by the Court to do so. He appears to have provided all of the information called for by that document. As the Plaintiff utilized an approved form, the Court will not penalize him for that form's failure to match the traditional pleading format.

In his Charge of Discrimination (Doc. 1 at 8), which Spiller filed with the Florida Commission on Human Relations on Oct. 19, 2007, Spiller asserted that he was discriminated against on the bases of age, race and national origin. However, in the factual narrative attached to his complaint and in his reply to the instant motion, it appears that Spiller is solely pursuing a

claim that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Spiller lists a number of incidents in 1998, 2004, and 2005 when he applied unsuccessfully for teaching jobs or interviews or both. In Florida, someone who suspects they were denied a job on the basis of a protected characteristic, such as age, must file a claim of discrimination within 300 days of the date on which the discrimination occurred. *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265 (11th Cir. 2002). The 300th day preceding Spiller's filing of the Charge of Discrimination was December 23, 2006; thus, any claims of discrimination alleged to have occurred in 1998, 2004 and 2005 are time-barred.

Spiller also asserts in his Complaint that he was discriminated against in 2006, without specifying the date. However, other information included with the Complaint suggests that the latest date in 2006 when he could have been discriminated against in 2006 was August 7, when he applied unsuccessfully for a job at Mainland High School. (Doc. 1 at 12). In his response, Spiller does not dispute the School Board's contention that August 7 was the final date in 2006 when, he believes, he was discriminated against by the School Board. Because August 7, 2006 falls outside the 300-day window preceding his October 19, 2007 filing of his Charge of Discrimination, Spiller's claims of discrimination in 2006 are also time-barred.

Finally, Spiller contends that he was discriminated against on May 27, 2007 when he was notified by a School Board employee that he would not be permitted to attend the job fair. (Doc. 1 at 17). As this claim falls within the 300-day window, the School Board seeks dismissal of it on the grounds that there is no allegation that the employee who notified Spiller was aware of his age. (Doc. 15 at 7). However, there is no legal requirement that the person doing the notifying be aware of the protected characteristic at issue, and Spiller's numerous applications to the School

Board support an inference that the Defendant was aware of Spiller's age when the decision was made to exclude him from the job fair. The School Board also notes that there is no allegation that anyone outside of Spiller's protected category was treated differently, but Spiller's complaint is rife with allegations that younger applicants received better treatment than he did. And the School Board's contention that it had a legitimate, non-discriminatory reason (lack of space) for denying Spiller the opportunity to attend the job fair would, if proven true, permit the School Board to prevail in this matter, but it is not a basis for dismissing the complaint at this stage.[1] Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**. All of the Plaintiff's age discrimination claims that are alleged to have occurred prior to December 23, 2006 are **DISMISSED WITH PREJUDICE**. The Plaintiff's

---

[1]The School Board also points out that Spiller was notified he could apply for jobs by other means, but fails to show how this would render his exclusion from the job fair non-discriminatory as a matter of law.

claim that he was discriminated against on May 27, 2007 when he was notified that he would not be permitted to attend the job fair may proceed. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 10, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party