**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HART SPILLER,**

          **Plaintiff,**

**-vs-**                                              **Case No. 6:09-cv-1064-Orl-31DAB**

**VOLUSIA COUNTY SCHOOLS,**

          **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion for Leave to Appeal (Doc. 42) filed by the Plaintiff, Hart Spiller ("Spiller"). Spiller, who appears *pro se*, seeks leave to appeal an order (Doc. 32) denying his motion to compel discovery from the Defendant.

The requirements for the granting of leave to appeal interlocutory orders, such as the one at issue here, are set forth in 28 U.S.C. § 1292(b). That statute provides in pertinent part that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves **a controlling question of law as to which there is substantial ground for difference of opinion** and that **an immediate appeal from the order may materially advance the ultimate termination of the litigation**, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).

This is an employment discrimination case. The discovery order that Spiller seeks to appeal was preceded by an order (Doc. 21) dismissing with prejudice all but one of his claims of

discrimination.[1] The Magistrate Judge denied Spiller's motion to compel on the grounds that the Defendant had agreed to provide all discovery relevant to the remaining claim, and because Spiller was not entitled to discovery with regard to the claims that had been dismissed. (Doc. 32 at 2).

In his motion, Spiller describes a number of issues he would like to appeal, such as whether the time periods for reporting incidents of discrimination should be uniform from state to state, and whether the Equal Employment Opportunity Commission should have a special mandate to investigate discrimination "where local authorities . . . are attempting to suppress any complaints." (Doc. 42 at 3). Even assuming these issues are relevant to the instant case, Spiller has not satisfied the requirements of 28 U.S.C. § 1292(b). The order from which he seeks to appeal turned on an issue of fact – whether the discovery sought was relevant to a surviving claim – rather than a question of law. And Spiller has made no attempt to show that resolution of the issues he seeks to appeal would materially advance the ultimate termination of this litigation. Accordingly, it is hereby

**ORDERED** that the Motion for Leave to Appeal (Doc. 42) is **DENIED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 27, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] The claims that were dismissed were based on incidents that fell outside this state's 300-day window for filing claims of discrimination. (Doc. 21 at 2).